UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES SILLER, JR.,

    Plaintiff,

    v.

BLOCKBUSTER, INC.,

    Defendant.

_____/

No. C 06-7794 PJH

**ORDER DENYING MOTIONS TO REMAND AND TO QUASH AND SCHEDULING HEARING ON MOTION TO DISMISS**

    Pending before the court are plaintiff's motions to remand and to quash this court's February 21, 2007 order. Plaintiff filed his complaint in state court asserting causes of action for conversion and infliction of emotional distress. The complaint, which does not specify the amount of damages sought, was removed based upon diversity of citizenship and according to defendant, damages represented by plaintiff to exceed $300,000.

    Plaintiff moved to remand arguing that defendant has not met its burden of establishing diversity jurisdiction because although there is diversity of citizenship, defendant has not established that the jurisdictional amount is met. In opposition to the motion to remand, defendant filed the declaration of its corporate counsel, Bryan Stevenson, in which Stevenson swears that he called plaintiff after receipt of the complaint in order to determine if the case could be resolved without litigation and that during the phone conversation, plaintiff stated that he "believes his damages to be upwards of $300,000" and that he "would only be willing to dismiss his claims in exchange for payment of $300,000." In reply plaintiff filed a declaration (first declaration) in which he very carefully states, using the identical words used by Stevenson, that he "did not state that I believed

my damages to be upwards of $300,000," and that he "did not state that I would only be willing to dismiss my claims in exchange for $300,000."

The court found plaintiff's declaration curious for several reasons. First, while the declaration purported to refute Stevenson's declaration about the amount of damages he is seeking, plaintiff did not deny that he seeks damages in excess of $300,000, nor did he deny that he made any representation about the amount in controversy. While admitting the phone conversation did occur, he did not provide any details about the conversation and only denied that he said exactly what Stevenson said that he had. Because the court suspected that plaintiff was engaged in gamesmanship in an attempt to both litigate his case in state court and seek damages in excess of $75,000, he was ordered to submit a declaration setting forth the amount in controversy. Additionally, the order was intended to elicit clarification from plaintiff because if he was actually denying that he sought damages in excess of the jurisdictional limit, the Stevenson declaration would not satisfy the defendant's burden of proof.

Instead of complying with the court's verbal order, plaintiff filed a declaration (second declaration), under protest, stating only that he seeks an amount no less than $25,000.01, one cent above the jurisdictional minimum of the superior court.[1] Although the court is of the view that plaintiff fully understood its order to require a statement that would enable the court to determine if the jurisdictional amount was met, he was ordered again, this time in writing, to provide the information or face sanctions for failing to comply with the court's order. Plaintiff filed a subsequent declaration (third declaration), also under protest, in which he states that he seeks damages greater than $75,000. He also filed a motion to quash this court's February 21, 2007 order directing the filing of his second declaration and restated his request for remand of this matter to state court.

In Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373 (9th Cir. 1997), the Ninth Circuit adopted the procedure first enunciated in Allen v. R & H Oil & Gas Co., 63 F.3d

---

[1] Plaintiff titled this declaration as one made pursuant to a February 21, 2007 written court order. However, as noted above, the order was made orally at the hearing.

1326 (5th Cir. 1995), for district courts when determining the amount in controversy in removed cases:

> The district court may consider whether it is "facially apparent" from the complaint that the jurisdictional amount is in controversy. If not, the court may consider facts in the removal petition, and "may require parties to submit summary-judgment-type evidence relevant to the amount in controversy at the time of removal." (citations omitted).

Singer, 116 F.3d at 377. The continuing applicability of this procedure was recently confirmed in Lowdermilk v. U.S. Bank Nt'l Assoc., __F.3d__, 2007 WL 678221 (9th Cir., March 2, 2007).

Because the basis of defendant's liability, if any, centers on its denial of one or two coupons for video rentals, the actual damages available to plaintiff are de minimus. However, plaintiff has alleged the intentional and negligent infliction of emotional distress based on how he was treated by defendant and seeks both compensatory and punitive damages. Therefore the amount of damages that plaintiff seeks or might reasonably hope to obtain are not apparent from the face of the complaint.

Accordingly, having found that the amount in controversy was not apparent on the face of the complaint, the court turned to the removal petition, which referred to plaintiff's own assessment of his damages, and then to the declarations of the parties. Although the court was initially of the view that plaintiff's first declaration was sufficient to refute the allegations of Stevenson's declaration, it now finds upon closer scrutiny of the declaration that it is not sufficient, precisely because it does not address or deny the substance of the Stevenson declaration – that plaintiff's damages exceeded $300,000 – and only denies that he used the exact words attributed to him by Stevenson. It is a clever, but hollow denial. Plaintiff's two subsequent declarations confirm this conclusion and also lend credibility to Stevenson's declaration as plaintiff now admits that he seeks damages in excess of $75,000.

Thus, the court finds that with the Stevenson declaration defendant has carried its burden of establishing by a preponderance of the evidence that the jurisdictional amount was met at the time of removal. Plaintiff did not adequately controvert that declaration by

his first declaration filed prior to the February 21, 2007 order and the court's resolution of the motion to remand ultimately would have been the same even in the absence of plaintiff's second and third declarations. In other words, the motion to remand would be denied had the court reviewed only the complaint, the Stevenson declaration, and plaintiff's first declaration.

As much as the court would like to grant plaintiff's request to remand this case involving two video coupons to state court, now that plaintiff has filed the third declaration in which he admits that he seeks more than $75,000 in damages, there is clearly no legal basis for a remand. Plaintiff has moved "for an order to quash the February 21, 2007 order." The court is unaware of any procedure in federal practice that permits a party to obtain an order from a court to quash its own orders. To the extent that what plaintiff really wants is for the court to vacate its prior order, the request is DENIED. The order for a clarifying declaration was authorized by Singer and was justified by his ambiguous first declaration and gamesmanship. Moreover, as previously stated, the decision would be the same even in the absence of the declaration filed in response to the court's order.

It is well established that the plaintiff is master of his complaint and can plead to avoid federal jurisdiction. Subject to a "good faith" requirement, a plaintiff may sue for less than the amount he may be entitled to if he wishes to avoid federal jurisdiction and remain in state court. See Lowdermilk, 2007 WL 678221, at *3. Plaintiff has chosen to sue for an amount that gives rise to federal jurisdiction and the defendant has exercised its statutory right to remove the case to federal court where it will remain.

The motion to remand and motion to quash this court's order of February 21, 2007 are both DENIED. Defendant's motion to dismiss, which has been fully briefed, will be heard on March 28, 2007, at 9:00 a.m.

**IT IS SO ORDERED.**

Dated: March 9, 2007

PHYLLIS J. HAMILTON
United States District Judge